UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GREG PRICE O/BO**
**BJP, a minor,**

    **Plaintiff,**

                                                  **Case No. 09-15017**

v.

                                                  **HONORABLE DENISE PAGE HOOD**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

    This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation **[Docket No. 28, filed on January 5, 2011]**. On July 1, 2010, Plaintiff filed a Motion for Summary Judgment **[Docket No. 18]**. The Defendant filed its Motion for Summary Judgment on November 10, 2010 **[Docket No. 24]**. Magistrate Judge Whalen issued a Report and Recommendation (R&R) recommending that Defendant's Motion for Summary Judgment be granted. The Magistrate Judge further recommends that Plaintiff's Motion for Summary Judgment be denied. Plaintiff filed objections to the R&R **[Docket No. 29, filed on January 19, 2011]**.

    The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). To preserve the right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of copy, as provided in U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

Failure to file specific objections constitutes a waiver of any further right to an appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criteria in reaching his or her conclusion. *Garner v. Heckler*, 745 F. 2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F. 2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F. 2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision. *Smith v. Secretary of HHS*, 893 F. 2d 106, 108 (6th Cir. 1989). An administrative decision must be affirmed if supported by substantial evidence, even if the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F. 2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F. 2d 1147, 1150 (8th Cir. 1984)).

Attached to Plaintiff's objections are various reports and letters. Plaintiff contends that these documents further support his son's ("Claimant") claim for benefits. All reports and letters attached to the objection are dated 2010, post-dating the Administrative Law Judge's (ALJ) decision in this case, and cannot be considered relative to the March 2, 2009 determination. *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 616 (6th Cir. 1998). Plaintiff also objects to the

characterization of the mental institution in which his son was placed as a "clinic," rather than a "mental hospital." While the term "clinic" was used in the R&R, the gravity of Claimant's episode was not understated. The Magistrate Judge noted that Claimant was diagnosed with bipolar disorder and ADD, and received a Global Assessment of Functioning score of 20, indicating either some danger of hurting self or others, occasional failure to maintain personal hygiene, or gross impairment in communication. The Magistrate Judge also noted that Claimant was held at the clinic for almost a week, and prescribed Concerta, Straterra, and Risperdal upon his release. The use of the term "clinic" does not denote any misunderstanding of the circumstances and does not support a reversal of the ALJ's decision.

Plaintiff also argues that Claimant is unable to function on his own, or without direction and constant supervision. The ALJ found that, in the domain of "caring for yourself," Claimant's limitation was less than marked. The ALJ considered evidence that Claimant expressed an intent to harm himself, and the ALJ recognized some limitation in this domain. The ALJ also considered evidence that Claimant performed household chores, cared for his personal needs, and that medication improved his condition. The Court agrees with the Magistrate Judge that the ALJ's decision was supported by substantial evidence.

Upon review of the parties' Motions for Summary Judgment and the Magistrate Judge's Report and Recommendation, the Court finds that the Magistrate Judge reached the correct conclusion for the proper reasons.

Accordingly,

IT IS ORDERED that Magistrate Judge R. Steven Whalen's Report and Recommendation **[Docket No. 28, filed on January 5, 2011]** is ACCEPTED and ADOPTED as this Court's findings

3

and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 18, filed on July 1, 2010]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 24, file on November 10, 2010]** is GRANTED.

IT IS FURTHER ORDERED that this cause of action is DISMISSED.


        s/Denise Page Hood
        Denise Page Hood
        UNITED STATES DISTRICT JUDGE


Dated: January 31, 2011


I hereby certify that a copy of the foregoing document was mailed to Greg Price, 8974 Garner Lane, Freeland, MI 48623 and the attorneys of record on this date, January 31, 2011, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Relief Case Manager, (313) 234-5165